UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MOUSTAFA AWAD,                                             Civil Action No.:

               Plaintiff,

     v.                                                                   **COMPLAINT**

MARK43, INC. and ANDREW YI,
                                                  **Jury Trial Demanded**
               Defendants.
------------------------------------------------------------------------X

Plaintiff Moustafa Awad ("Plaintiff"), by way of Complaint against Defendants Mark43, Inc. and Andrew Yi, individually (collectively "Defendants"), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against his former employer alleging violations of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). Plaintiff alleges that Defendants terminated his employment because of his disability and failed to reasonably accommodate him.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the alleged unlawful employment

practices, occurred in this district.

## PARTIES

4. Plaintiff Moustafa Awad is a former employee of Mark43 and a resident of the State of New Jersey.

5. Defendant Mark43, Inc. ("Mark43") is a public safety software developer with its principal place of business located at 250 Hudson St, New York, NY 10013.

6. Defendant Mark43 is a foreign business corporation which is incorporated under the laws of the State of Delaware.

7. Defendant Andrew Yi ("Yi"), at all relevant times herein, was and is an Engineering Manager at Mark43.

8. Defendant Yi is a resident of the State of New York.

9. Defendant Yi was Plaintiff's supervisor and had the ability to influence the terms and conditions of Plaintiff's employment.

## FACTUAL ALLEGATIONS

10. On or about August 3, 2021, Plaintiff began working for Defendant Mark43 as a Senior Front End Engineer. Plaintiff was assigned to a team of engineers to create a mobile friendly application for reporting traffic accidents ("Quick Crash"). Plaintiff's primary job duties included, but were not limited to, building and designing new features for Quick Crash, designing the overall appearance of the application, interviewing end users, and mentoring junior engineers.

11. Plaintiff is an experienced software engineer and was personally recruited for the Senior Front End Engineer position with Defendant Mark43 because of his superior qualifications and knowledge.

12. As part of his annual compensation package, Plaintiff was entitled to a base salary of $160,000, company stock valued at approximately $30,000, and fringe benefits, including, but not limited to, health insurance and a 401(k)-retirement plan.

13. On or about August 22, 2021, less than three weeks after his start date, Plaintiff injured his right hand. Plaintiff was treated in the Emergency Room and was diagnosed with a 4th metacarpal fracture of the right hand.

14. Plaintiff's fracture constitutes a disability within the meaning of the NYCHRL and the NYSHRL.

15. Following his diagnosis, on or about August 24, 2021, Plaintiff notified Defendant Yi via Slack messaging that he had fractured his right hand.

16. Despite Plaintiff's injury, Plaintiff would still be able to perform his job duties, including, for example, sprint planning and training junior engineers. Plaintiff was even able to continue programming with his left hand, albeit at a slower rate. Indeed, in the days after his injury, Plaintiff devoted numerous hours to debugging an issue on Quick Crash.

17. On or about the morning of August 25, 2021, Plaintiff sent Defendant Yi a message via Slack informing him that Plaintiff had a cast on his hand. Plaintiff further stated that, based on further medical evaluation, he would either need to keep the cast on for two to three weeks or require surgery.

18. *Approximately two hours later*, Defendant Yi sent Plaintiff a Slack message with a link to join a videoconference. The meeting was not preplanned, and Plaintiff had never received a meeting invitation in this manner.

19. When Plaintiff joined the videoconference, both Defendant Yi and Defendant Mark43's Human Resources personnel, Annie Shi, were in attendance. **Defendant Yi immediately terminated Plaintiff and told him that he did not "*fit the team*," irrespective of the fact that Plaintiff had only been employed for approximately three weeks.** When Plaintiff asked Defendant Yi what he meant, Defendant Yi responded that he did not want to "get into the specifics."

20. Defendants terminated Plaintiff because of his disability.

21. Defendants terminated Plaintiff because he required a reasonable accommodation.

22. Defendants failed to engage in the interactive process.

23. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress and physical ailments.

24. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

25. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against the Defendants.

## AS A FIRST CAUSE OF ACTION
## UNDER THE NYCHRL
## <u>DISCRIMINATION</u>

26. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

27. Pursuant to N.Y.C. Admin. Code § 8-107(1), it is an unlawful discriminatory practice for an employer "to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment" on the basis of disability.

28. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability, including, terminating his employment.

29. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

## AS A SECOND CAUSE OF ACTION
## UNDER THE NYCHRL
## <u>FAILURE TO PROVIDE A REASONABLE ACCOMMODATION</u>

30. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

31. Pursuant to N.Y.C. Admin. Code §8-107(15)(a), "It is an unlawful discriminatory practice for any person prohibited by the provisions of this section from discriminating on the basis of disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

32. Defendants engaged in an unlawful discriminatory practice by failing to provide a reasonable accommodation and by failing to engage in the interactive process.

33. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

### AS A THIRD CAUSE OF ACTION
### UNDER THE NYCHRL
### AIDING & ABETTING

34. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

35. N.Y.C. Admin. Code §8-107(6) provides that it shall be an unlawful discriminatory practice, "For any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this chapter, or attempt to do so."

36. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct.

37. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

### AS A FOURTH CAUSE OF ACTION
### UNDER THE NYSHRL
### DISCRIMINATION

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

39. Pursuant to N.Y. Exec. Law §296(1)(a), it is an unlawful discriminatory practice for an employer "to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment" on the basis of disability.

40. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability, including, terminating his employment.

41. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

### AS A FIFTH CAUSE OF ACTION
### UNDER THE NYSHRL
### FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

43. N.Y. Exec. Law §296(3)(a) provides: "It shall be an unlawful discriminatory practice for an employer, licensing agency, employment agency or labor organization to refuse to provide reasonable accommodations to the known disabilities of an employee, prospective employee or member in connection with a job or occupation sought or held or participation in a training program."

44. Defendants engaged in an unlawful discriminatory practice by failing to provide a reasonable accommodation and by failing to engage in the interactive process.

45. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NYSHRL
## <u>AIDING & ABETTING</u>

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

47. N.Y. Exec. Law §296(6) provides: "It shall be an unlawful discriminatory practice for any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

48. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct.

49. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaratory judgment that the employment practices of Defendants complained of herein violate the applicable provisions of the NYSHRL and the NYCHRL;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful discharge and to otherwise make Plaintiff whole for any losses suffered as a result of Defendants' unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation;

D. Awarding Plaintiff liquidated damages in an amount to be determined at trial;

E. Awarding Plaintiff punitive damages in an amount to be determined at trial;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

G. Awarding prejudgment interest on all amounts due;

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated:  September 21, 2021

                                       **SHNAYDER LAW LLC**
*Attorneys for Plaintiff*

By: */s/ Erica L. Shnayder*
Erica L. Shnayder, Esq.
89 Headquarters Plaza N., Suite 1421
Morristown, NJ 07960
(973) 714-1515
erica@eshnayderlaw.com